The document below is hereby signed.

Signed: October 15, 2015



_S. Martin Teel, Jr._
_United States Bankruptcy Judge_

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| GARRICK RONYEA GOOD, | ) | Case No. 15-00468 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not viewed by court as |
| | ) | worthy for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER
<u>DENYING MOTION FOR EXTENSION OF TIME</u>

The debtor has filed a *Motion for Extension of Time to Answer or Otherwise Respond* (Dkt. No. 33). It is apparent that he is seeking additional time to respond to a motion filed by the landlord of the debtor's residence for an order decreeing that the automatic stay of 11 U.S.C. § 362(a)(3) does not apply to its eviction efforts, by virtue of the exception to the automatic stay contained in 11 U.S.C. § 362(b)(22). Section 362(b)(22) provides that the debtor's petition does not operate as a stay:

> subject to subsection (l), under subsection (a)(3), of the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor.

The record in this case already makes clear that in accordance with § 362(l), the exception to § 362(a)(3) contained in § 362(b)(22) became applicable.  No order is necessary to make that exception applicable.  *See In re Parker*, Case No. 08-00278, 2008 WL 2081536 (Bankr. D.D.C. May 8, 2008).  Even though a certified copy of the docket sheet in this case suffices to establish the applicability of § 362(b)(22), the landlord apparently needs the order, that it seeks, for the purpose of demonstrating in the eviction proceedings that the automatic stay indeed does not apply.  Delaying acting on the landlord's motion would result in delaying the eviction proceeding when the landlord's right under  § 362(b)(22) to proceed with eviction despite the automatic stay is plain, and has existed since the moment after the debtor filed the petition commencing this case.  The debtor's *Motion for Extension of Time to Answer or Otherwise Respond* must be denied.

                                I

The debtor's motion states:

> Debtor requests extension to consult Bankruptcy Assistance Center to resubmit forms and modify certification under 11 U.S.C. Section 362(l)(1) to be filed which will allow the debtor to cure the monetary default that gave rise to the judgement for possession, after the judgement for possession was entered; and debtor sufficient time to remit the deposit with the court of any rent that would become due during the 30-day period after the filing of the bankruptcy petition.

The debtor has not complied with the steps required by 11 U.S.C.

§ 362(l) to prevent the exception of § 362(b)(22) from applying, and, as discussed in part II below, no extension of time can be granted for the debtor's taking those steps.  Section 362(l) provides in relevant part:

>  (1)  Except as otherwise provided in this subsection, subsection (b)(22) shall apply on the date that is 30 days after the date on which the bankruptcy petition is filed, if the debtor files with the petition and serves upon the lessor a certification under penalty of perjury that—
> 
>   (A)  under nonbankruptcy law applicable in the jurisdiction, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after that judgment for possession was entered; and
> 
>   (B)  the debtor (or an adult dependent of the debtor) has deposited with the clerk of the court, any rent that would become due during the 30-day period after the filing of the bankruptcy petition.
> 
>  (2)  If, within the 30-day period after the filing of the bankruptcy petition, the debtor (or an adult dependent of the debtor) complies with paragraph (1) and files with the court and serves upon the lessor a further certification under penalty of perjury that the debtor (or an adult dependent of the debtor) has cured, under nonbankruptcy law applicable in the jurisdiction, the entire monetary default that gave rise to the judgment under which possession is sought by the lessor, subsection (b)(22) shall not apply, unless ordered to apply by the court under paragraph (3).
> 
>  *   *   *
> 
>  (4)  If a debtor, in accordance with paragraph (5), indicates on the petition that there was a judgment for possession of the residential rental property in which the debtor resides and does not file a certification under paragraph (1) or (2)—
> 
>   (A) subsection (b)(22) shall apply immediately

3

>     upon failure to file such certification, and relief
> from the stay provided under subsection (a)(3)
> shall not be required to enable the lessor to
> complete the process to recover full possession of
> the property; and
>
>     (B) the clerk of the court shall immediately
> serve upon the lessor and the debtor a certified
> copy of the docket indicating the absence of a
> filed certification and the applicability of the
> exception to the stay under subsection (b)(22).
>
> (5)
>
> \*   \*   \*
>
>     (D)  The clerk of the court shall arrange for
> the prompt transmittal of the rent deposited in
> accordance with paragraph (1)(B) to the lessor.

The debtor filed the petition commencing this bankruptcy case on September 8, 2015, and the thirtieth day after the filing of the bankruptcy case was October 8, 2015.

II

When (as here) a debtor fails to file with the petition a certification under § 362(l)(1) or fails timely to file a certification under § 362(l)(2), § 362(l)(4)(A) provides that:

> **subsection (b)(22) shall apply immediately upon failure to file such certification**, and relief from the stay provided under (a)(3) shall not be required to enable the lessor to complete the process to recover for possession of the property.

[Emphasis added.]  The debtor has failed to file such certifications in a timely fashion, and the statute (as discussed below) does not authorize a court to extend the deadlines for filing such certifications.  It is obvious that the exception of

4

§ 362(b)(22) applies, and has applied since the moment after the debtor filed the bankruptcy petition commencing this case.  There is no reason to grant the debtor's *Motion for Extension of Time to Answer or Otherwise Respond* and thereby delay acting on the landlord's motion and entering an order decreeing that the automatic stay of § 362(a)(3) does not apply to the eviction proceedings.

A.

THE COURT CANNOT EXTEND THE TIME
TO FILE A § 362(l)(1) CERTIFICATION

The certification required by § 362(l)(1) must be filed "with the petition," and must include a certification that the debtor "has deposited with the clerk any rent that would become due during the 30-day period after the filing of the bankruptcy petition."  The debtor failed to file a certification complying with § 362(l)(1).  As noted above, § 362(l)(4)(A) provides that "subsection (b)(22) shall apply immediately upon failure to file such certification."

The immediate applicability of § 362(b)(22) is reinforced by § 362(l)(4)(B), which provides that when the required § 362(l)(1) certification is not filed with the petition, "the clerk of the court shall immediately serve upon the lessor and the debtor a certified copy of the docket indicating the absence of a filed certification and the applicability of the exception to the stay under subsection (b)(22)."  In accordance with that provision,

5

the clerk issued a notice indicating that the exception to the stay under § 362(b)(22) is applicable.[1]  That operation of the statute cannot be undone by an untimely § 362(l)(1) certification, and the Bankruptcy Code does not confer authority on the court to let an untimely certification have retroactive effect.  As this court observed in *In re Parker*, 2008 WL 2081536 at *3:

> permitting subsequent amendment of the petition by the

---

[1]  On September 10, 2015, the clerk made a docket entry reciting:

> The Clerk's Office gives notice that on the debtor's voluntary petition, the debtor stated that the landlord of the debtor's residence has a judgment against the debtor for possession of the debtor's residence, and that at least one of the following certifications under 11 U.S.C. Section 362(l)(1) was not filed: a certification under penalty of perjury that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered; and a certification under penalty of perjury that the debtor (or an adult dependent of the debtor) has included with the petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the bankruptcy petition. The Clerk's Office further gives notice that pursuant to 11 U.S.C. Section 362(l)(4)(A)because of the failure of the debtor to file such a certification, the exception of 11 U.S.C. Section 362(b)(22) to the stay of 11 U.S.C. Section 362(a)(3) applies immediately. Pursuant to 11 U.S.C. Section 362(l)(4)(B), the Clerk's Office will serve upon the landlord listed at the bottom of page 2 of the petition and upon the debtor a certified copy of the docket containing this docket entry.

On the same day, the clerk prepared a certified copy of the docket, and served copies on the debtor and the landlord.

>   debtor in order to render § 362(b)(22) inapplicable would
>   render § 362(l)(4)'s language as to the immediate
>   applicability of § 362(b)(22) meaningless. . . .
>   Congress has clearly provided in § 362(l)(4) that the
>   stay does not apply the moment the debtor fails to make
>   a required certification on the petition, thereby giving
>   the debtor's landlord a green light to continue enforcing
>   a judgment for possession, which the debtor cannot then
>   change into a red light by belatedly amending the
>   petition.

Moreover, no deposit of rent has been made, and the statute contemplates that the deposit will be made with the filing of the petition so that the landlord is assured that rent that will come due during the 30-day period is on hand.  This view of the statute is reinforced by the command that "[t]he clerk of the court shall arrange for the prompt transmittal of the rent deposited in accordance with paragraph (1)(B) to the lessor." The statute does not authorize this court to grant the debtor's requested extension of "time to remit the deposit with the court of any rent that would become due during the 30-day period after the filing of the bankruptcy petition."  In any event, that 30-day period has already expired.

                                B.

                    THE COURT CANNOT EXTEND THE TIME
                    TO FILE A § 362(l)(2) CERTIFICATION

The certification required by  § 362(l)(2) is "a further certification under penalty of perjury that the debtor (or an adult dependent of the debtor) has cured, under nonbankruptcy law applicable in the jurisdiction, the entire monetary default that

gave rise to the judgment under which possession is sought by the lessor," and the certification must be filed "within the 30-day period after the filing of the bankruptcy petition." The statute doe not authorize the court to extend the 30-day deadline. The 30-day period has passed without a certification being filed. In any event, the debtor does not suggest that the debtor cured the entire monetary default within the 30-day window of opportunity.

                                III

In accordance with the foregoing, it is

ORDERED that the *Motion for Extension of Time to Answer Or Otherwise Respond* (Dkt. No. 33) is DENIED.

                                        [Signed and dated above.]

Copies to: Debtor; recipients of e-notification of orders.